IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FARON DAVENPORT, #K91501, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:22-cv-00269-SMY |
| ) | |
| LT. PLUMMER, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Faron Davenport, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Vienna Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff was summoned to the healthcare unit on January 10, 2022. Upon arrival, he advised Officer Lane that he believed he was there to pick up medical records. After 15-20 minutes, he asked Lane if he had let medical records know he was there. Lane made a phone call. A few minutes later, Lieutenant Plummer approached Plaintiff in an aggressive manner and was "talking nasty." Plaintiff told Plummer he was just there to pick up medical records. Plummer responded that he was going to sign a refusal and then handcuffed him. When Plaintiff asked Plummer why he was being handcuffed, Plummer responded it was because Plaintiff would not cooperate, he had been warned

to "stop this lawsuit business," and he continued to write grievances.

Plummer then escorted Plaintiff to segregation and threw him in a cell while handcuffed. The handcuffs were extremely tight and he nearly passed out from lack of circulation to his hands. Plummer refused to loosen or remove the handcuffs. Plummer threatened Plaintiff until he agreed to sign the refusal for medical treatment. After he signed the refusal, Plummer removed the handcuffs and released Plaintiff from segregation. Plummer then instructed Lane to write a false disciplinary report.

Plaintiff contends Plummer violated his First, Eighth, Ninth, and Fourteenth Amendment rights and seeks monetary damages.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:[1]

> Count 1: First Amendment claim against Plummer for retaliatory acts against Plaintiff on January 10, 2022 including forcing Plaintiff to sign a medical refusal, threatening him, and inflicting pain with handcuffs for Plaintiff exercising his First Amendment right to file lawsuits and otherwise complaining about his conditions of confinement.
>
> Count 2: Eighth Amendment claim against Plummer for use of excessive force on Plaintiff on January 10, 2022.
>
> Count 3: Fourteenth Amendment claim against Plummer for violation of Plaintiff's due process rights by placing him in segregation and instructing Lane to write a false disciplinary ticket.

## **Preliminary Dismissals**

Plaintiff makes allegations against an Officer Lane, who is not named as a defendant.

---

[1] Davenport's assertion that Plummer violated his Ninth Amendment right fails to state a cognizable constitutional claim. "The Ninth Amendment is a rule of interpretation rather than a source of rights." *Froehlich v. State, Dept. of Corrections*, 196 F.3d 800, 801 (7th Cir. 1999). Additionally, any other claim mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

Because Federal Rule of Civil Procedure 10(a) requires the names of all parties to be included in the case caption, any intended claim against Lane is dismissed without prejudice.

### Discussion

Plaintiff's allegations are sufficient for the First Amendment claim in Count 1 and the Eighth Amendment claim in Count 2 to proceed against Plummer.  However, the Complaint fails to state a claim under the Fourteenth Amendment due process clause.  Plaintiff has not sufficiently alleged that he was deprived of a constitutionally protected interest in "life, liberty, or property" without due process of law.  *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990).  His placement is segregation for a very brief period of time as described in the Complaint does not implicate a liberty interest.  *Lekas v. Briley*, 405 F.3d 602 (7th Cir. 2005) (prisoners do not have a liberty interest in avoiding brief periods of segregation).  And a disciplinary ticket, even if falsely issued, will not violate the Fourteenth Amendment if the inmate receives procedural due process in the disposition of the ticket.  *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984).  The Complaint includes no information regarding the disposition of the alleged false disciplinary ticket.  Therefore, Count 3 will be dismissed.

### Disposition

Counts 1 and 2 will proceed against Plummer; Count 3 is **DISMISSED without prejudice**. The Clerk of Court shall prepare for Plummer: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the

Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant needs only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 16, 2022**

                                       *s/ Staci M. Yandle*
                                       **STACI M. YANDLE**
                                       **United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve the Defendant with a copy of your Complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendant's Answer or other responsive pleading, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answer, the Court will enter a Scheduling and Discovery Order containing important information on deadlines, discovery, and procedures. **Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff should not submit any evidence to the Court at this time, unless specifically directed to do so.**