IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FARON DAVENPORT, #K91501, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-269-RJD |
| | ) |
| MATTHEW PLUMMER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on a Motion to Recruit Counsel filed by Plaintiff (Doc. 46), which is DENIED. Defendant filed a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Docs. 41, 42, 43). Plaintiff did not file a Response. As explained further, Defendant's Motion is GRANTED.

**Background**

Plaintiff is an inmate of the Illinois Department of Corrections ("IDOC") and filed this suit pursuant to 42 USC §1983, alleging that Defendant violated his First and Eighth Amendment rights of the U.S. Constitution on January 10, 2022 in an altercation that occurred at Vienna Correctional Center. Plaintiff filed his Complaint on February 16, 2022. In the Complaint, he stated that he had submitted a grievance at Vienna regarding the altercation and that the grievance process was complete (Doc. 1, p. 5). On March 26, 2022, Plaintiff transferred from Vienna Correctional Center to Shawnee Correctional Center and he continues to reside there (*see* Doc. 14).

Defendant Plummer raised the affirmative defense of administrative remedy exhaustion on August 12, 2022 (Doc. 39). Defendant then filed his Motion for Summary Judgment on October 12, 2022 (Docs. 41, 42). Along with the Motion, Defendant filed a Notice that informed Plaintiff

of the consequences of failing to respond to the Motion for Summary Judgment within 30 days (Doc. 43).

On November 12, 2022, Plaintiff filed a "Motion for Stay or Motion for Extension of Time." He asked the Court to recruit counsel for him because of his learning and mental disabilities, and because his physical disabilities kept him from accessing the law library. He also asked the Court for a stay or extension of time to respond to Defendant's Motion for Summary Judgment. Two days later, the Court denied Plaintiff's request for counsel, noting that he had not demonstrated any efforts on his own to obtain counsel. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). However, the Court granted his request for an extension of time, setting December 12, 2022 as the deadline for Plaintiff to respond to Defendant's Motion for Summary Judgment (Doc. 45).

On November 28, 2022, Plaintiff filed another request for recruitment of counsel, this time listing the attorneys he had contacted in his efforts to obtain counsel. Plaintiff did not ask for any additional extension of time to respond to Defendant's Motion for Summary Judgment, nor did he file any other pleadings before or after the December 12, 2022 deadline to respond to Defendant's Motion for Summary Judgment.

**Motion for Recruitment of Counsel (Doc. 46)**

When presented with a request to appoint counsel, the Court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Here, Plaintiff demonstrates that he has made reasonable attempts to obtain counsel on his own.

The next question is whether Plaintiff is competent to litigate this case himself. Plaintiff's Complaint effectively describes the events that allegedly occurred on January 10, 2022 and that give rise to his First and Eighth Amendment claims. His pleadings also exhibit the ability to

understand and appreciate court deadlines and directives. For example, he mailed his original Motion for Extension of Time (Doc. 44) prior to the original 30-day deadline for responding to Defendant's Motion for Summary Judgment. In sum, the Court finds that Plaintiff is competent to litigate this matter, which is currently in the exhaustion stage. Defendant's Motion for Summary Judgment on the issue of exhaustion raises no complex factual issues or novel legal issues and merely required Plaintiff to explain the steps he took to exhaust his administrative remedies. As explained further, it appears Plaintiff did not fully exhaust his administrative remedies prior to filing suit. His failure to do so is not cause to recruit him counsel. Plaintiff's Motion for Recruitment of Counsel is therefore DENIED.

**Motion for Summary Judgment (Doc. 41)**

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

***Exhaustion Requirements***

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative

remedies prior to filing lawsuits in federal court.  "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).  "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).  "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident or problem to his or her institutional counselor, unless certain discrete issues are being grieved.  20 ILL. ADMIN. CODE § 504.810(a).  If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances."  *Id*. §504.830(e).  The CAO then advises the inmate of a decision on the grievance.  *Id.*

An inmate may appeal an adverse decision by the Chief Administrative Officer to the Administrative Review Board; he must do so in writing and within 30 days of the Chief Administrative Officer's decision.  *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006).  The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal.  20 ILL. ADMIN. CODE § 504.850(d) and (e).  Inmates who intend to file suit are required to follow all steps and instructions in the grievance process before filing with the Court in order to "[allow prisons] to address complaints about the program [they administer] before being subjected to suit, [reduce] litigation to the extent complaints are satisfactorily resolved, and [improve] litigation that does occur by leading to the preparation of a

useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007).

*Discussion*

The events alleged in Plaintiff's Complaint took place on January 10, 2022. Plaintiff filed the Complaint 27 days later. The record reflects that Plaintiff simply initiated this lawsuit without exhausting his administrative remedies.

To support his Motion for Summary Judgment, Defendant submitted an affidavit and record from the Administrative Review Board that reflects Plaintiff never submitted any grievance to the Administrative Review Board ("ARB") related to the allegations in this lawsuit.[1] The Court acknowledges that there are limited circumstances in which a prisoner could fully exhaust his administrative remedies without appealing to the ARB. *See, e.g., Thornton v. Snyder*, 428 F.3d 690, 696 (7th Cir. 2005). Nothing before the record suggests that such circumstances existed in this matter, because Plaintiff made no attempt to refute Defendant's Motion. Pursuant to Local Rule 7.1, a failure to respond to a motion for summary judgment within 30 days "may, in the Court's discretion, be considered an admission of the merits of the motion." Both the Court and defense counsel warned Plaintiff of the ramifications of Local Rule 7.1, warnings that Plaintiff apparently understood, as he timely submitted a Motion for Extension of Time (Docs. 40, 43, and 44).

Considering that only 27 days passed between the altercation at issue and Plaintiff filing this lawsuit, and considering Plaintiff's failure to explain the steps he took in the grievance process related to this case, and relying upon Plaintiff's grievance records from the Administrative Review Board, the Court finds that Plaintiff failed to exhaust his administrative remedies prior to bringing suit. Plaintiff's claims against Defendant are therefore DISMISSED WITHOUT PREJUDICE.

---

[1] Plaintiff did, however, appeal a grievance to the ARB in June 2022 regarding his access to the law library (Doc. 42-1).

## Conclusion

Plaintiff's Motion for Recruitment of Counsel (Doc. 46) is DENIED. Defendant's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 41) is GRANTED. This case is DISMISSED WITHOUT PREJUDICE and the Clerk of Court is directed to enter judgment accordingly.

**DATED: January 11, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**