IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FARON DAVENPORT, #K91501, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 22-cv-269-RJD |
| MATTHEW PLUMMER, | ) ) ) |
| Defendant. | ) ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion "to Restore the Case Back to Active" (Doc. 54) and "Motion to Reopen the Case Immediately" (Doc. 55). As explained further, Plaintiff's motions are DENIED.

**Background**

Plaintiff is an inmate of the Illinois Department of Corrections ("IDOC") and filed this suit pro se pursuant to 42 USC §1983, alleging that Defendant Plummer violated his First and Eighth Amendment rights of the U.S. Constitution on January 10, 2022 in an altercation that occurred at Vienna Correctional Center. Plaintiff filed his Complaint on February 16, 2022.

Defendant Plummer raised the affirmative defense of administrative remedy exhaustion on August 12, 2022 (Doc. 39). Defendant then filed his Motion for Summary Judgment on October 12, 2022 (Docs. 41, 42). Along with the Motion, Defendant filed a Notice that informed Plaintiff of the consequences of failing to respond to the Motion for Summary Judgment within 30 days (Doc. 43).

On November 12, 2022, Plaintiff filed a "Motion for Stay or Motion for Extension of Time." He asked the Court to recruit counsel for him because of his learning and mental

disabilities, and because his physical disabilities kept him from accessing the law library. He also asked the Court for a stay or extension of time to respond to Defendant's Motion for Summary Judgment. Two days later, the Court denied Plaintiff's request for counsel, noting that he had not demonstrated any efforts on his own to obtain counsel. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). However, the Court granted his request for an extension of time, setting December 12, 2022 as the deadline for Plaintiff to respond to Defendant's Motion for Summary Judgment (Doc. 45).

On November 28, 2022, Plaintiff filed another request for recruitment of counsel, this time listing the attorneys he had contacted in his efforts to obtain counsel. Plaintiff did not ask for any additional extension of time to respond to Defendant's Motion for Summary Judgment, nor did he file any other pleadings before or after the December 12, 2022 deadline to respond to Defendant's Motion for Summary Judgment.

On January 4, 2023, this case was selected for referral to the Court's Mandatory Mediation Program (Doc. 47). Before the mediation occurred, however, the undersigned ruled on Plaintiff's Motion for Recruitment of Counsel and Defendant's Motion for Summary Judgment.

The undersigned denied his Motion for Recruitment of Counsel, finding that Plaintiff appeared competent to litigate this case himself; in particular, his pleadings reflected the ability to understand and appreciate court deadlines and orders. His Complaint reflected the ability to describe the events that gave rise to his claim, and therefore he appeared competent to the describe the steps he took to exhaust his administrative remedies. Moreover, as further explained in the Order granting Defendant's summary judgment motion, the record reflected that Plaintiff did not exhaust his administrative remedies prior to filing suit, and therefore this case was dismissed without prejudice.

**Motion to "Restore the Case Back to Active" (Doc. 55)**

Plaintiff's Motion "to Restore the Case Back to Active" (Doc. 54) is construed as a Motion

to Amend or Alter the Judgment pursuant to Federal Rule of Civil Procedure 59(e) because it was filed within 28 days of this Court's Entry of Judgment. *Carter v. City of Alton*, 922 F.3d 824, 826, n. 1 (7th Cir. 2019). A motion to alter or amend judgment pursuant to Rule 59(e) allows the Court to correct or address a manifest error of law or fact. *A&C Construction & Installation, WLL v. Zurich American Insurance Co.*, 963 F.3d 705, 707 (7th Cir. 2020) (*citing Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1992). Rule 59(3) does not allow parties to advance arguments or evidence that should have been presented to the Court prior to judgment. *Id*.

Plaintiff filed his Complaint on February 16, 2022, and in it he alleged that he had submitted a grievance at Vienna Correctional Center regarding the January 10, 2022 altercation and that the grievance process was complete. (Doc. 1, p. 5). He did not include the grievance as an attachment to any of his Court filings. After receiving a decision on the grievance at Vienna, Plaintiff was required to appeal the grievance to the ARB[1] in order to exhaust his administrative remedies. At the time the Court ruled on Defendant's summary judgment motion, the record reflected that Plaintiff never submitted any grievance to the Administrative Review Board related to the allegations in this lawsuit.[2] Doc. 49.

In the instant motion, Plaintiff contends that he did submit a grievance to the ARB regarding the allegations in this lawsuit; however, his explanation (presented to the Court for the first time after judgment was entered) for how he appealed to the ARB nonetheless reflects that he failed to follow the proper sequence for exhaustion. Doc. 54, p. 5. Plaintiff informs the Court that he initially wrote a grievance regarding Defendant Plummer, but did not receive a response. *Id*. His counselor said she never received the grievance. *Id*. Plaintiff then wrote another

---

[1] The Court acknowledges that there are limited circumstances in which a prisoner could fully exhaust his administrative remedies without appealing to the ARB. *See, e.g., Thornton v. Snyder*, 428 F.3d 690, 696 (7th Cir. 2005). Nothing in the record (either as it existed in January 2023 or as it exists now as the Court rules on Plaintiff's pending motions) suggests that such circumstances existed in this matter.
[2] Plaintiff did, however, appeal a grievance to the ARB in June 2022 regarding his access to the law library (Doc. 42-1).

Page 3 of 6

grievance, handed it to a counselor, and then received a response from Clinical Services the same day. *Id.* He then placed the grievance in an envelope and sent it to the ARB, but the very next day the prison sent him deceptive paperwork so that he would think the ARB had already replied. *Id.* He does not explain why he could not make this argument prior to the Court entering judgment, nor did he attach any of the deceptive paperwork to anything he filed with the Court, nor does he describe how the paperwork deceived him into believing the ARB had already ruled on his grievance.

Even if Plaintiff had timely made this argument in response to Defendant's summary judgment motion, and even if the Court had found Plaintiff's explanation of how he appealed to the ARB was credible, and even if all the events described by Plaintiff occurred within the 27 days between the incident and Plaintiff filing suit, the record would nonetheless reflect that Plaintiff failed to exhaust his administrative remedies. After receiving a response from his counselor, Plaintiff was required to submit the grievance to the grievance officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.* At that point, Plaintiff could then appeal to the ARB. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). e). An inmate's failure to follow each step in the grievance process prior to filing suit requires dismissal of his claim. *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

Plaintiff also argues that Defendant Plummer threatened him for submitting grievances. According to Plaintiff's other arguments, however, those threats did not keep Plaintiff from submitting grievances. The remaining arguments in Plaintiff's motion reflect his dissatisfaction with the Court for granting Defendant's motion after scheduling this case for mediation. Considering that it appeared to the Court (and counsel for Defendant) that he had not exhausted his administrative remedies prior to filing suit (as required by 42 U.S.C. § 1997e(a)), mediation

would not have been useful. Because Plaintiff has failed to establish that the Court made a manifest error of law or fact by dismissing this case for Plaintiff's failure to exhaust administrative remedies, Plaintiff's "Motion to Restore the Case Back to Active" is DENIED.

**Motion "to Reopen this Case Immediately" (Doc. 41)**

The Court construes this Motion under Federal Rule of Civil Procedure 60(b) because it was filed more than 28 days after judgment. *Word Seed Church v. Village of Homewood*, 43 F. 4th 688, 690 (7th Cir. 2022). Under Rule 60(b), a party may be relieved from a final judgment for a variety of reasons, including mistake, inadvertence, newly discovered evidence, or fraud. A Rule 60(b) motion is only granted in "extraordinary circumstances" *Id.*

In his motion, Plaintiff contends that the prison intentionally discarded his appeal to the ARB. To the extent that Plaintiff is arguing that the prison fraudulently handled his grievance(s), he has provided no justification for his failure to raise this issue in response to Defendants' summary judgment (despite two warnings regarding the deadline for responding). *Rutledge v. U.*S., 230 F.3d 1041, 1052 (7th Cir. 2000) (*citing Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("reconsideration is not an appropriate forum for rehashing…matters that could have been heard during pendency of the previous motion). As previously discussed, even if his appeal to the ARB was intentionally discarded, Plaintiff still failed to submit his grievance to the grievance officer at Vienna. Accordingly, this case was properly dismissed for Plaintiff's failure to exhaust his administrative remedies. *See Pozo*, 286 F.3d at 1024.

Plaintiff also re-alleges the substance of his Complaint: that Lieutenant Plummer forced him to sign a refusal for medical treatment, put him in overly tight handcuffs, placed him in segregation and then quickly released him, and physically threatened him not to submit grievances or file lawsuits. Allegations made in a complaint cannot also subsequently give rise to "extraordinary circumstances" necessary to relieve Plaintiff from the final judgment. *See*

*Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005) (internal citations and quotations omitted).   Defendant's Motion "to Reopen this Case Immediately" is DENIED.

**IT IS SO ORDERED.**

**DATED:   September 21, 2023**

                                                  *s/ Reona J. Daly*
                                              **Hon. Reona J. Daly**
                                              **United States Magistrate Judge**